An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LYNN R. SHOEN,
Petitioner,
vs.
THE STATE BAR OF NEVADA,
Respondent.

No. 67417

FILED

NOV 06 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a disciplinary hearing panel chair's order denying petitioner's motion in limine seeking the exclusion or suppression of certain evidence at her disciplinary hearing.[1] Specifically, petitioner asserts that subpoenas issued by respondent for certain bank records were defective, and that she was not provided appropriate notice of the subpoenas or the documents resulting therefrom. Petitioner maintains that all documents obtained through these allegedly defective subpoenas

---

[1]Petitioner is currently temporarily suspended from the practice of law pending resolution of the formal disciplinary proceedings against her. In re Shoen, Docket No. 65034 (Order of Temporary Suspension, April 23, 2014).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-33964

should not be admitted at her disciplinary hearing. The hearing panel chair denied petitioner's motion in limine, but stated that all evidence must still be "relevant and . . . pass any other evidentiary objections which may be raised at the time of the hearing."

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is appropriate when "the proceedings of any tribunal, corporation, board or person exercising judicial functions are without or in excess of the jurisdiction of such tribunal, corporation, board or person." NRS 34.320. It is within this court's sole discretion to determine if a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

We are not persuaded that our extraordinary intervention is warranted. SCR 105(3) provides for our automatic review of hearing panel decisions recommending certain types of discipline, and makes an appeal available for all other types. Accordingly, if the hearing leads to discipline being imposed against her, petitioner has a plain, speedy, and adequate legal remedy in the form of such automatic review of or appeal from that

discipline. *See* NRS 34.170; NRS 34.330; *Pan*, 120 Nev. at 224, 88 P.3d at 841. Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Lynn R. Shoen
State Bar of Nevada/Las Vegas

SUPREME COURT
OF
NEVADA

(O) 1947A